*TMS*
*04·29·2020*
*1116*

**FILED**
**04-27-2020**
**Clerk of Circuit Court**
**Waukesha County**
2020CV000632

## STATE OF WISCONSIN     CIRCUIT COURT     WAUKESHA COUNTY

BARBARA L. STAMM,
21471 West Cleveland Avenue,
New Berlin, WI 53146,

      Plaintiff,

MOLINA HEALTHCARE OF WISCONSIN, INC.,
A Domestic Corporation,
11002 West Park Place
Milwaukee, WI 53224,
<u>Registered Agent:</u> Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

DEAN HEALTH PLAN, INC.
A Domestic Corporation
1277 Deming Way
Madison, WI 53717,
<u>Registered Agent:</u> CT Corporation System,
301 South Bedford Street, Suite 1
Madison, WI 53703,

      Involuntary Plaintiffs,

vs.

ACE AMERICAN INSURANCE COMPANY,
A Foreign Corporation,
436 Walnut Street, P.O. Box 1000,
Philadelphia, PA 19106,
<u>Registered Agent:</u> CT Corporation System,
301 South Bedford Street, Suite 1,
Madison, WI 53703,

TARGET CORPORATION D/B/A TARGET STORES,
A Foreign Corporation,
1000 Nicollet Mall,
Minneapolis, MN 55403,
<u>Registered Agent:</u> CT Corporation System,
301 South Bedford Street, Suite 1
Madison, WI 53703,

**SUMMONS**

Case No.: _____
Case Code: 30107

Amount Claimed is Greater
than $10,000.00

**EXHIBIT**
**A**

ABC INSURANCE COMPANY,
A Foreign or Domestic Corporation
Present Name and Address Unknown, and

DEF MAINTENANCE COMPANY,
A Foreign or Domestic Corporation
Present Name and Address Unknown,

       Defendants.

---

THE STATE OF WISCONSIN

TO EACH PERSON NAMED ABOVE AS AN INVOLUNTARY PLAINTIFF AND DEFENDANT

    **YOU ARE HEREBY NOTIFIED** that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint which is attached states the nature and basis of the legal action.

    Within forty-five (45) days after receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the Circuit Court for Waukesha County whose address is <u>515 West Moreland Boulevard in Waukesha, Wisconsin 53188</u>, and to the Plaintiff's attorneys, Nicholas L. Hermann and Patrick Ritter, whose address is 100 East Wisconsin Avenue, Suite 2800, Milwaukee, Wisconsin 53202. You may have an attorney help or represent you.

    If you do not provide a proper Answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Case 2:20-cv-00758   Filed 05/20/20   Page 2 of 14   Document 1-1

Dated at Milwaukee, Wisconsin this 27th day of April, 2020.

GRUBER LAW OFFICES, LLC
Attorneys for Plaintiff, Barbara L. Stamm

By:s/Nicholas L. Hermann
    Nicholas L. Hermann
    SBN: 1082796
    Patrick Ritter
    State Bar No: 1092393

POST OFFICE ADDRESS:
100 East Wisconsin Avenue
Suite 2800
Milwaukee, Wisconsin 53202
Telephone: 414.276.6666

3

STATE OF WISCONSIN _____ CIRCUIT COURT _____ WAUKESHA COUNTY

| | |
|---|---|
| BARBARA L. STAMM,<br>21471 West Cleveland Avenue,<br>New Berlin, WI 53146, | **COMPLAINT** |
| | Case No.: _____<br>Case Code: 30107 |

Plaintiff,

MOLINA HEALTHCARE OF WISCONSIN, INC.,
A Domestic Corporation,
11002 West Park Place
Milwaukee, WI 53224,
Registered Agent: Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717,

**Amount Claimed is Greater
than $10,000.00**

DEAN HEALTH PLAN, INC.
A Domestic Corporation
1277 Deming Way
Madison, WI 53717,
Registered Agent: CT Corporation System,
301 South Bedford Street, Suite 1
Madison, WI 53703,

Involuntary Plaintiffs,

vs.

ACE AMERICAN INSURANCE COMPANY,
A Foreign Corporation,
436 Walnut Street, P.O. Box 1000,
Philadelphia, PA 19106,
Registered Agent: CT Corporation System,
301 South Bedford Street, Suite 1,
Madison, WI 53703,

TARGET CORPORATION D/B/A TARGET STORES,
A Foreign Corporation,
1000 Nicollet Mall,
Minneapolis, MN 55403,
Registered Agent: CT Corporation System,
301 South Bedford Street, Suite 1
Madison, WI 53703,

4

ABC INSURANCE COMPANY,
A Foreign or Domestic Corporation
Present Name and Address Unknown, and

·DEF MAINTENANCE COMPANY,
A Foreign or Domestic Corporation
Present Name and Address Unknown,

                Defendants.

---

**NOW COMES** the Plaintiff, BARBARA L. STAMM, by her attorneys, GRUBER LAW OFFICES, LLC, by Attorneys Nicholas L. Hermann and Patrick K. Ritter, and alleges as follows:

    1.    That the Plaintiff, BARBARA L. STAMM, is an adult individual residing at 21471 West Cleveland Avenue, in the City of New Berlin, County of Waukesha, State of Wisconsin, 53146.

    2.    That upon information and belief, the Involuntary Plaintiff, MOLINA HEALTHCARE OF WISCONSIN, INC., is a domestic corporation with its principle offices located at 11002 West Park Place in the City and County of Milwaukee, State of Wisconsin 53224; that at all times is engaged in the business of providing health care benefit coverage to its members and that as a result of the occurrence described in the Complaint, said insurer may have made payments on behalf of the Plaintiff, BARBARA L. STAMM, for medical expenses; that further, said insurer may have or claim to have a subrogation interest herein and is therefore joined as an Involuntary Plaintiff for the purpose of complying with the provisions of Wis. Stats. §803.03. The Plaintiff, BARBARA L. STAMM, alleges doubt as to whether the Involuntary Plaintiff, MOLINA HEALTHCARE OF WISCONSIN, INC., is truly subrogated or interested in this matter, but that said party is joined for the purpose of complying with the provisions of Wis. Stats. §803.03. The Plaintiff, BARBARA L. STAMM, further states that pursuant to Wis. Stats.

§803.03(2)(b)(1)(b), the Involuntary Plaintiff must do one of the following: a. Participate in the prosecution of the action; b. Agree to have his or her interest represented by the party who caused the joinder; or c. Move for dismissal with or without prejudice. In the event of the Involuntary Plaintiff's failure to answer this Complaint within forty-five (45) days, or otherwise appear and exercise one of the foregoing options, then and in that event, any interest they may claim in this action shall be deemed waived, and any and all claims they may have, of whatever type or kind, shall be dismissed with prejudice.

3.     That upon information and belief, the Involuntary Plaintiff, DEAN HEALTH PLAN, INC., is a domestic corporation with its principle offices located at 1277 Deming Way in the City of Madison, County of Dane, State of Wisconsin 53717; that at all times is engaged in the business of providing health care benefit coverage to its members and that as a result of the occurrence described in the Complaint, said insurer may have made payments on behalf of the Plaintiff, BARBARA L. STAMM, for medical expenses; that further, said insurer may have or claim to have a subrogation interest herein and is therefore joined as an Involuntary Plaintiff for the purpose of complying with the provisions of Wis. Stats. §803.03. The Plaintiff, BARBARA L. STAMM, alleges doubt as to whether the Involuntary Plaintiff, DEAN HEALTH PLAN, INC., is truly subrogated or interested in this matter, but that said party is joined for the purpose of complying with the provisions of Wis. Stats. §803.03. The Plaintiff, BARBARA L. STAMM, further states that pursuant to Wis. Stats. §803.03(2)(b)(1)(b), the Involuntary Plaintiff must do one of the following: a. Participate in the prosecution of the action; b. Agree to have his or her interest represented by the party who caused the joinder; or c. Move for dismissal with or without prejudice. In the event of the Involuntary Plaintiff's failure to answer this Complaint within forty-five (45) days, or otherwise appear and exercise one of the foregoing options, then

6

and in that event, any interest they may claim in this action shall be deemed waived, and any and all claims they may have, of whatever type or kind, shall be dismissed with prejudice.

4.     That the Defendant, ACE AMERICAN INSURANCE COMPANY, is upon information and belief, a foreign corporation duly organized and existing under the laws of the State of Pennsylvania, with its principal offices located at 436 Walnut Street, P.O. Box 1000 in the City and County of Philadelphia, State of Pennsylvania 19106; and upon information and belief this Defendant is engaged in the business of writing and selling liability insurance; prior to the date of this incident, August 30, 2017, and at all times material herein, the Defendant corporation had issued a policy of insurance to Defendant, TARGET CORPORATION D/B/A TARGET STORES, insuring them or any of their employees or agents against any liability imposed by law and further insuring them against any damages for which it might be liable to others by virtue of the negligence of their employee and/or agents, and that by reason of said insurance policy and the alleged negligence of the Defendant, TARGET CORPORATION D/B/A TARGET STORES, and the provisions of § 803.04(2), Wis. Stats., the Defendant, ACE AMERICAN INSURANCE COMPANY, is a proper party Defendant herein.

5.     That the Defendant, TARGET CORPORATION D/B/A TARGET STORES, is upon information and belief a foreign company duly organized and existing under the laws of the State of Minnesota, with its main place of business located at 1000 Nicollet Mall in the City of Minneapolis, County of Hennepin, State of Minnesota 55403; that Defendant, TARGET CORPORATION D/B/A TARGET STORES, was upon information and belief the owner of the property located at 1250 West Sunset Drive in the City and County of Waukesha, State of Wisconsin 53189; that Defendant, TARGET CORPORATION D/B/A TARGET STORES, was responsible for the management and maintenance of the property and store premises located at

7

1250 West Sunset Drive in the City and County of Waukesha, State of Wisconsin 53189, and that said property is a place of employment and/or public place under Chapter 101 of the Wisconsin Statutes.

6.     That the Defendant, ABC INSURANCE COMPANY, is a foreign or domestic corporation whose name, address, registered agent, registered offices and state of incorporation of which are presently unknown to Plaintiff, BARBARA L. STAMM, and that in the place of the actual name of the Defendant Company, a fictitious name is being used pursuant to § 807.12, Wis. Stats. That upon information and belief this Defendant is engaged in the business of writing and selling liability insurance prior to the date of this incident, August 30, 2017; that upon information and belief the Defendant corporation, at all times material herein had issued a policy of insurance to Defendant, DEF MAINTENANCE COMPANY, insuring them or any of their employees or agents against any liability imposed by law and further insuring them against any damages for which it might be liable to others by virtue of the negligence of their employee and/or agents; that by reason of said insurance policy and the alleged negligence of the Defendant, DEF MAINTENANCE COMPANY, and the provisions of § 803.04(2), Wis. Stats., the Defendant, ABC INSURANCE COMPANY, is a proper party Defendant herein.

7.     That Defendant, DEF MAINTENANCE COMPANY, is a foreign or domestic corporation whose name, address, registered agent, registered offices and state of incorporation of which are presently unknown to the Plaintiff, BARBARA L. STAMM, and that in place of the actual name of the Defendant maintenance company, a fictitious name is being used for the Defendant pursuant to § 807.12, Wis. Stats.; that upon information and belief, the Defendant, DEF MAINTENANCE COMPANY, was the company that managed and maintained the property and store premises located at 1250 West Sunset Drive in the City and County of

8

Waukesha, State of Wisconsin 53189, on the date of the accident that is the subject of this matter.

**FIRST CAUSE OF ACTION:**
**NEGLIGENCE OF TARGET CORPORATION D/B/A TARGET STORES**

8.     Re-allege and incorporate herein, as though more fully set forth, all of the allegations contained in paragraphs one (1) through seven (7) above, with the same force and effect.

9.     That on or about the 30th day of August, 2017, the Plaintiff, BARBARA L. STAMM, was walking through the negligently maintained floor of the of the Target retail store located at 1250 West Sunset Drive, in the City and County of Waukesha, State of Wisconsin; that Plaintiff, BARBARA L. STAMM, slipped and fell as a result of a clear liquid substance that was on the negligently maintained floor and sustained serious and permanent injuries as a result of said Defendant's negligence in maintaining the floor.

10.     That the Defendant, TARGET CORPORATION D/B/A TARGET STORES, assumed a duty of ordinary care owed to users of said Target retail store located at 1250 West Sunset Drive, in the City and County of Waukesha, State of Wisconsin and that by failing to properly and timely maintain and clean the floors, the Defendant, TARGET CORPORATION D/B/A TARGET STORES, breached this duty.

11.     That the Defendant, TARGET CORPORATION D/B/A TARGET STORES, was negligent in the manner in which it maintained, controlled, supervised and managed the premises located at 1250 West Sunset Drive in the City and County of Waukesha, State of Wisconsin 53189, and it was otherwise negligent.

9

12.    That the negligence of the Defendant, TARGET CORPORATION D/B/A TARGET STORES, was the proximate cause of the aforementioned incident and the resulting injuries to the Plaintiff, BARBARA L. STAMM.

13.    That as a direct result of the actions or inactions and negligence of the Defendant, TARGET CORPORATION D/B/A TARGET STORES, and its agents, employees and/or servants, the Plaintiff, BARBARA L. STAMM, was seriously and permanently injured, suffered and will continue to suffer great pain of body and mind, was obliged and may continue to be obliged in the future to expend monies for medical care and attention, was prevented and will continue to be prevented from engaging in her normal activities, all to her damage in an amount to be determined by the trier of fact.

### SECOND CAUSE OF ACTION:

### SAFE PLACE: TARGET CORPORATION D/B/A TARGET STORES

14.    Re-allege and incorporate herein, as though more fully set forth, all the allegations contained in paragraphs one (1) through thirteen (13) above, with the same force and effect.

15.    That on or about the 30th day of August, 2017, and at all times material herein, the Plaintiff, BARBARA L. STAMM, was a frequenter and a patron, as defined in Chapter 101, Wisconsin Statutes, upon the Target Retail Store located at 1250 West Sunset Drive in the City and County of Waukesha, State of Wisconsin 53189, that was owned, inspected, maintained and/or operated by the Defendant, TARGET CORPORATION D/B/A TARGET STORES, when the Plaintiff, BARBARA L. STAMM, slipped and subsequently fell on the negligently maintained wet floor on the interior of the store, causing her to sustain severe and permanent injuries.

10

16.    That the Defendant, TARGET CORPORATION D/B/A TARGET STORES, individually and/or through their agents, servants and/or employees, were negligent and careless and failed to properly inspect and/or maintain the Target Retail Store located at 1250 West Sunset Drive in the City and County of Waukesha, State of Wisconsin, causing an unreasonably dangerous condition; and that as the owner and/or operator of said property the Defendant, TARGET CORPORATION D/B/A TARGET STORES, had a duty to keep the property maintained so as to render the same as safe as the nature of the premises will permit, to adopt and use methods and processes reasonable and adequate to render the premises safe, and to properly maintain and inspect the premises in question pursuant to the provisions of Chapter 101, Wisconsin Statutes.

17.    That the Defendant, TARGET CORPORATION D/B/A TARGET STORES, individually and/or through their agents, employees and/or servants, breached said duty and also failed to maintain the Target Retail store located at 1250 West Sunset Drive in the City and County of Waukesha, State of Wisconsin 53189, so as to render said property as safe as the nature of the premises would permit, in violation of Chapter 101, Wis. Stats.

18.    That the Defendant, TARGET CORPORATION D/B/A TARGET STORES, individually and/or through their agents, employees and/or servants, were negligent and careless and failed to properly inspect and/or maintain the premises by failing to maintain the floors of the interior of the store located at 1250 West Sunset Drive in the City and County of Waukesha, State of Wisconsin 53189, causing an unreasonably dangerous condition.

19.    That the Defendant, TARGET CORPORATION D/B/A TARGET STORES, knew or in the exercise of reasonable care, should have known, that the premises was unsafe for

11

those lawfully on the property located at 1250 West Sunset Drive in the City and County of Waukesha, State of Wisconsin 53189, and exposed such persons to unreasonable risks of injury.

20.    That the safe-place violation by the Defendant, TARGET CORPORATION D/B/A TARGET STORES, was the proximate cause of the incident and the resulting injuries to the Plaintiff, BARBARA L. STAMM.

21.    That as a direct result of the breach of duty by the Defendant, TARGET CORPORATION D/B/A TARGET STORES, individually and/or through their agents, employees and/or servants, the Plaintiff, BARBARA L. STAMM, was seriously and permanently injured, suffered and will continue to suffer great pain of body and mind, was obliged and may be continue to be obliged in the future to expend monies for medical care and attention, was prevented and will continue to be prevented from engaging in her normal activities, all to her damage in an amount to be determined by the trier of fact.

<strong><u>THIRD CAUSE OF ACTION:</u></strong>

<strong><u>NEGLIGENCE OF DEF MAINTENANCE COMPANY</u></strong>

22.    Re-allege and incorporate herein, as though more fully set forth, all of the allegations contained in paragraphs one (1) through twenty-one (21) above, with the same force and effect.

23.    That on or about the 30th day of August, 2017, the Plaintiff, BARBARA L. STAMM, was lawfully at the Target Retail store located at 1250 West Sunset Drive in the City and County of Waukesha, State of Wisconsin 53189 when she slipped and fell on the negligently maintained floor on the interior of the store; that as the maintenance company contracted to maintain the Target store located at 1250 West Sunset Drive in the City and County of Waukesha, State of Wisconsin 53189, the Defendant, DEF MAINTENANCE COMPANY,

12

assumed a duty of ordinary care owed to users of said store and that by failing to properly and timely maintain and clean the floors, the Defendant, DEF MAINTENANCE COMPANY, breached this duty.

24.    That hat the negligence of the Defendant, DEF MAINTENANCE COMPANY, was the proximate cause of the incident and resulting injuries sustained by the Plaintiff, BARBARA L. STAMM.

25.    That as a direct result of the actions or inactions and negligence of the Defendant, DEF MAINTENANCE COMPANY, and its agents, employees and/or servants, the Plaintiff, BARBARA L. STAMM, was seriously and permanently injured, suffered and will continue to suffer great pain of body and mind, was obliged and may be continue to be obliged in the future to expend monies for medical care and attention, suffered a loss of earnings, and was prevented and will continue to be prevented from engaging in her normal activities, all to her damage in an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff, BARBARA L. STAMM, demands judgment against the Defendants, ACE AMERICAN INSURANCE COMPANY, TARGET CORPORATION D/B/A TARGET STORES, ABC INSURANCE COMPANY and DEF MAINTENANCE COMPANY, in an amount to be determined as follows:

1.    On the First Cause of Action, on behalf of the Plaintiff, BARBARA L. STAMM, in an amount to be determined by the trier of fact together with the pre-judgment and post-judgment interest, costs, attorney fees and disbursements of this action;

2.    On the Second Cause of Action, on behalf of the Plaintiff, BARBARA L. STAMM, in an amount to be determined by the trier of fact together with the pre-judgment and post-judgment interest, costs, attorney fees and disbursements of this action;

13

3.      On the Third Cause of Action, on behalf of the Plaintiff, BARBARA L. STAMM, in an amount to be determined by the trier of fact together with the pre-judgment and post-judgment interest, costs, attorney fees and disbursements of this action;

4.      That in the event of settlement or verdict in favor of the Plaintiff, BARBARA L. STAMM, said Plaintiff demands judgment for an Order declaring Plaintiff's rights to such settlement/verdict proceeds paramount to those of any subrogated party;

5.      That in the event of any subrogated party's failure to respond to this Complaint in a timely manner, the Plaintiff, BARBARA L. STAMM, requests this Court to grant an Order dismissing the subrogated party from this action and barring any claim for subrogation and/or reimbursement, and barring the subrogated party from participating in any judgment or settlement in this action.

6.      Any other relief the Court deems just and equitable.

**PLAINTIFF HEREBY DEMANDS THAT THE ABOVE-ENTITLED
BE TRIED BY A JURY OF TWELVE (12) PERSON**

Dated at Milwaukee, Wisconsin this 27th day of April, 2020.

GRUBER LAW OFFICES, LLC
Attorneys for Plaintiff, Barbara L. Stamm

By:s/Nicholas L. Hermann
        Nicholas L. Hermann
        SBN: 1082796
        Patrick Ritter
        State Bar No: 1092393

POST OFFICE ADDRESS:
100 East Wisconsin Avenue
Suite 2800
Milwaukee, Wisconsin 53202
Telephone: 414.276.6666

14